UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:   CV 20-04080 MCS (RAOx)                    Date:   July 22, 2021

Title:   Securities and Exchange Commission v. Zhuobin Hong et al.

Present:   The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**        (In Chambers) **ORDER RE: LETTER BRIEFING ON DISCOVERY DISPUTE**

On July 13, 2021, the Court received an email request from Plaintiff Securities and Exchange Commission ("Plaintiff") for an Informal Discovery Conference concerning the ongoing dispute over Defendants Zhuobin Hong and Caixia Jiang's ("Defendants") depositions. That same day, the Court directed the parties to file letter briefs regarding the dispute. Dkt. No. 81.  Plaintiff requests an order commanding Defendants to appear for Federal Rule of Civil Procedure 30 ("Rule 30") depositions in Hong Kong or the United States by a date certain and in the immediate future. Dkt. No. 83.  Defendants request the denial of Plaintiff's request and that Defendants' depositions proceed either under the Hague Evidence Convention process or by an alternative method pursuant to Federal Rule of Civil Procedure 31 ("Rule 31") or Federal Rule of Civil Procedure 33 ("Rule 33"). Dkt. No. 82.  For the following reasons, Plaintiff's request is GRANTED and Defendants' request is DENIED.

## I.        BACKGROUND

The instant dispute began when Defendants applied for the issuance of Hague Convention Letters of Request so that Defendants could be deposed in the People's Republic of China ("PRC").  *See* Dkt. No. 47.  On May 18, 2021, the Court granted Defendants' application, subject to the PRC's approval of the Letters of Request prior to the discovery cut-off and the equivalence of the PRC-approved format to a Rule 30 deposition.  Dkt. No. 59.[1]  After holding a telephonic hearing, the Court ordered Defendants to appear for depositions in the United States

---

[1] At the time of the Mary 18, 2021 order, the fact discovery cut-off was July 12, 2021.  Dkt. No. 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-04080 MCS (RAOx)                    Date:   July 22, 2021
Title:          Securities and Exchange Commission v. Zhuobin Hong et al.

or Hong Kong on June 21 and June 22, 2021 in the event that the PRC did not approve the Letters, with the understanding that the parties could agree upon different dates in response to an extension of the fact discovery cut-off.  Dkt. No. 63.

On May 28, 2021, the parties entered into a stipulation to modify the scheduling order by which Defendants agreed to be deposed in Hong Kong on July 13 through July 16, 2021, should the PRC fail to approve the Letters of Request on or before July 12, 2021.  Dkt. No. 67 at 2-3.  The stipulated dates provided Plaintiff "sufficient time after [the] depositions to conduct any additional investigation or discovery necessary" without altering the trial date.  *Id.* at 1.  The parties agreed on August 27, 2021 as the modified non-expert discovery cut-off.  *Id.* at 3-4.  District Judge Scarsi subsequently approved the stipulation.  Dkt. No. 68.

Just over a month later, on July 7, 2021, Defendants applied *ex parte* for an extension of the stipulated deadlines to facilitate timely Hague Convention depositions or, in the alternative, an order that Defendants' testimony be obtained via Rule 31 or Rule 33.  Dkt. No. 74.  In their application, Defendants argued that new cases of COVID-19 and the emergence of its Delta variant in Hong Kong and their home region had made travel to Hong Kong perilous.  *Id.* at 6-7.  Plaintiff opposed the *ex parte* application and requested an order that Defendants appear for their depositions on the previously agreed-upon dates.  Dkt. No. 77.

Judge Scarsi denied Defendants' request to continue the deadlines, finding Defendants' "purported concern over an increasing risk of contracting COVID-19" unpersuasive.  Dkt. No. 80 at 2.  The District Judge also found that Defendants' application presented "no basis for ordering a deposition by written questions," and accordingly denied that request as well.  *Id.* at 3.  Finally, Judge Scarsi denied, on procedural grounds, Plaintiff's request for an order compelling Defendants' depositions and instructed the parties to direct any further requests for discovery-related relief to the Magistrate Judge.  *See id.* at 3.

**II.      ANALYSIS**

In their most recent briefs, Defendants continue to argue that recent public health developments in the Chinese province where they reside and Hong Kong make travel between regions overly risky.  Dkt. No. 82 at 2-3; Dkt. No. 85 at 2.  In support of this argument, Defendants rely on the same news articles they included in their *ex parte* application.  Dkt. No. 82 at 2.  In his ruling on the *ex parte* application, Judge Scarsi noted that "[o]ver a year into the global pandemic, Defendants agreed to be deposed in Hong Kong undoubtedly knowing that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-04080 MCS (RAOx)                    Date:   July 22, 2021
Title:        Securities and Exchange Commission v. Zhuobin Hong et al.

risks of contracting COVID-19 in Shenzhen and Hong Kong would fluctuate between the date of the stipulation and the date of the deposition." Dkt. No. 80 at 2. The Court agrees with Judge Scarsi that Defendants would have known that COVID-19 presents emergent and oscillating risks when they entered into their stipulation in late May of this year. Further, the stipulation was agreed to subject to the approval of the Letters of Request before a specified deadline, not the end of the pandemic. *See* Dkt. No. 67 at 2.

Defendants now state that the "rise of the new Delta variant was unforeseen." Dkt. No. 82 at 2. But the CDC issued a public advisory on the emergence of COVID-19 variants as early as January 28, 2021, well before both the abovementioned stipulation and the Joint Rule 26(f) report, in which Defendants agreed to an expedited discovery schedule. *See Science Brief: Emerging SARS-CoV-2 Variants*, Centers for Disease Control and Prevention (Jan. 28, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/scientific-brief-emerging-variants.html[2]; Dkt. No. 38. Defendants also argue that the PRC-developed vaccine they have taken provides "insufficient protection" from the virus. Dkt. No. 82 at 2; Dkt. No. 85 at 2. However, the sole evidence for this claim comes from an inconclusive news article published over a month before they stipulated to appear in Hong Kong for the July depositions.[3] Dkt. No. 82 at 2 (citing Dkt. No. 74-1, Ex. 8). Nor do Defendants provide any additional evidence that the purportedly worsening conditions in the region would affect the safety of their travel to Hong Kong. For example, Defendants have neither indicated whether travel would be by public transport or private vehicle, nor described the safety risks attendant to different modes of travel. Plaintiff, on the other hand, notes that Shenzhen is just 24 miles away from Hong Kong and raises the point that Defendants would likely need to travel some distance within China to testify

---

[2] "Under [Federal Rule of Evidence] 201, the [C]ourt can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *United Staes ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015) (citations and internal quotation marks omitted).

[3] The cited BBC article, dated April 12, states that "Brazilian trials of the Sinovac vaccine . . . showed an efficacy rate of around 50.4%," while also stating that "[i]nterim results from late-stage trials in Turkey and Indonesia . . . [suggest] an efficacy rate of . . .between 91% and 65%." Dkt. No. 74-1 at 43, 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-04080 MCS (RAOx)                    Date:   July 22, 2021
Title:         Securities and Exchange Commission v. Zhuobin Hong et al.

if the Hague process were followed.  Dkt. No. 84 at 3.  In sum, the Court remains unpersuaded that the ebb and flow of the pandemic's risks excuses Defendants' reneging on their stipulation.[4]

Next, Defendants remain "hopeful" that their deposition testimony may proceed via the Hague Convention prior to the current discovery deadline and that the PRC will approve of a process that is roughly equivalent to a remote Rule 30 deposition.  *See* Dkt. No. 82 at 3; Dkt. No. 85 at 3.  However, Defendants have not provided the Court with adequate evidence showing that the Hague Convention depositions will proceed in a timely manner, if at all.  Given that the parties entered into a stipulation with the intent of reserving an adequate amount of time for additional, post-deposition discovery by Plaintiff, it would be unfair to proceed via a process that still, about a month before the cut-off, has not been confirmed for a date certain.

Further, emails between both parties' counsel and a representative of the PRC's Ministry of Justice strongly suggest that a Hague Convention deposition in China will diverge significantly from the format of a Rule 30 deposition.  *See* Dkt. No 79.  For example, the representative indicated that only a PRC-appointed court officer could question Defendants and would have the discretion to refuse to ask particular questions.  *See id.* at 4, 12.  Moreover, although the testimony would be recorded, it would not be livestreamed,[5] requiring Plaintiff's counsel to travel to or appoint counsel in China in order to attend.  *See id.* at 11-12.  Finally, counsel would only be able to submit additional questions for preapproval for the following day's session.  *See id.*  While the Court recognizes and appreciates the effort made by counsel and the PRC in processing and accommodating the Letters of Request, the Letters were only issued in light of Defendants' representation that they would "not proceed with any process that is not the equivalent of a Rule 30 deposition."  Dkt. No. 59 at 1-2 (citing Dkt. No. 56-1 at 2, 3 n.3).

---

[4] Though Defendants insist that the Letters of Request have been approved and executed, Defendants admit that the details of the testimony and the date remain uncertain.  Dkt. No. 82 at 2.  Judge Scarsi did not credit Defendants' counsel's "nebulous hearsay statement" that the Letters of Request had been approved, *see* Dkt. No. 80 at 2 n.1, and Defendants have not provided any further evidence to support this assertion.

[5] Defendants have stated they "continue to urge" that the Hague depositions be broadcast on Zoom, but have not presented any evidence that the PRC will acquiesce to their exhortations.  *See* Dkt. No. 85 at 2.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-04080 MCS (RAOx)                     Date:   July 22, 2021
Title:        Securities and Exchange Commission v. Zhuobin Hong et al.

        In their reply letter brief, Defendants argue in the alternative that a deposition by written questions pursuant to Rule 31 would be superior to a traditional, Rule 30 deposition under the circumstances contemplated by the parties.  Dkt. No. 85 at 2.  While acknowledging that a written deposition will "not allow Plaintiff to adequately explore or assess Defendants' demeanor, credibility or prevent counsel crafting the responses," Defendants contend that the nature of a remote deposition involving translators will nevertheless make assessing credibility and demeanor "most difficult at best."  Dkt. No. 82 at 3; Dkt. No. 85 at 3 (citing *United States v. Kowalchuk*, 571 F. Supp. 72, 75 (E.D. Pa. 1983)).  Judge Scarsi has already ruled against Defendants on this request and Defendants have not presented any compelling reasons to disturb the District Judge's reasoned decision.  Even if evaluating the demeanor of a deponent under these circumstances may be more difficult compared to an in-person deposition that does not require interpreters, this does not mean that any opportunity to assess credibility whatsoever should be jettisoned.  Further, while the District Judge in *Kowalchuk* found that witness demeanor was difficult to assess for previously videotaped testimony, 571 F. Supp. at 75, here, Plaintiff's counsel will be able to pose the questions live and be able to gauge Defendants' attitudes by video in the moment.[6]

        Defendants also argue that a written deposition is superior to an oral one because it will enable Defendants "to carefully consider each question, assess the evidence available to them and then fully answer under oath."  Dkt. No. 85 at 2.  However, Plaintiff is entitled to choose its discovery strategy and to determine what form or forms of discovery will be most effective for its case.  Besides, Plaintiff already propounded interrogatories, so it's not clear what benefit Plaintiff would gain from additional written discovery.  Finally, the fast-approaching August 27 cut-off makes Defendants' suggestion to proceed by written questions after waiting to see if the Hague Convention process plays out even less tenable.  *See* Dkt. No. 82 at 3.

        Accordingly, the Court orders Defendants to appear for remote depositions pursuant to Rule 30 in Hong Kong or a mutually agreed-upon location within the United States.  The depositions must be completed by **August 6, 2021**.  Each deposition will take place over two half-day sessions, as agreed upon in the parties' May 28 stipulation.  Dkt. No. 67 at 2.  The

---

[6] If anything, Defendants' arguments support the need for in-person depositions.  The Court will not compel any in-person depositions, though, in light of Plaintiff's willingness to conduct the depositions by video in the interests of safety and convenience for all parties and counsel even though it may reduce Plaintiff's ability to assess Defendants' credibility and demeanor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-04080 MCS (RAOx)          Date:   July 22, 2021
Title:        Securities and Exchange Commission v. Zhuobin Hong et al.

August 6 deadline allows some time for follow-up discovery, while still providing time for Defendants to arrange their travel.[7]  To the extent Plaintiff does serve follow-up written discovery after the depositions, Defendants' time to respond will be shortened to two weeks so that Plaintiff can receive responses by the cut-off.  Defendants' failure to appear for their depositions earlier, as they had previously agreed to, necessitates this expedited schedule.

**IT IS SO ORDERED.**

                                                                        _____ : _____
                                            Initials of Preparer   _____dl_____

---

[7] The Court notes that Defendants have already had ample opportunity to prepare to travel for such depositions.  *See* Dkt. No. 63 (ordering Defendants to appear for depositions in Hong Kong or the United States on June 21 and 22, 2021); Dkt. No. 67 (stipulating that Defendants will sit for depositions in Hong Kong on July 13 through July 16, 2021).